**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 15 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAWRENCE WALLACE, | No. 19-55964 |
| Plaintiff-Appellant, | D.C. No. 5:17-cv-01794-MWF-SS |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| FEDERAL BUREAU OF PRISONS, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted September 8, 2020[**]

Before:     TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Federal prisoner Lawrence Wallace appeals pro se from the district court's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment dismissing his Federal Tort Claims Act action alleging negligence and battery. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *San Remo Hotel L.P. v. San Francisco City & County*, 364 F.3d 1088, 1094 (9th Cir. 2004) (dismissal based on issue preclusion); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed Wallace's action as barred by issue preclusion because the issues involved in the negligence and battery claims were actually litigated and decided in Wallace's prior action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (issue preclusion bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim" (citation and internal quotation marks omitted)); *Paulo v. Holder*, 669 F.3d 911, 917 (9th Cir. 2011) (requirements for federal issue preclusion).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests, including those set forth in the opening brief, are denied.

19-55964

The Clerk will file the opening brief submitted at Docket Entry No. 12.

**AFFIRMED.**